1 ILENE J. LASHINSKY (#003073)
United States Trustee
2 District of Arizona

3 PATTY CHAN (#027115)
Trial Attorney
4 230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
5 E-mail: patty.chan@usdoj.gov
Phone: (602) 682-2633
6 FAX: (602) 514-7270

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>POLYLAST SYSTEMS, LLC,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:19-bk-15557-BKM<br><br>**MOTION TO CONVERT OR DISMISS CASE** |

The United States Trustee for the District of Arizona (the "**UST**"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby respectfully moves this Court to enter an order to have this case either dismissed or converted to a proceeding under chapter 7 of the Bankruptcy Code.

This motion is supported by the entire record of this case and the grounds more specifically set forth in the attached Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 21st day of February, 2020.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona


        /s/ PC (#027115)
        PATTY CHAN
        Trial Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. FACTUAL BACKGROUND

1. Polylast Systems, LLC ("**Debtor**") filed its voluntary petition under Chapter 11 of the bankruptcy code on December 11, 2019.

2. The Debtor's Initial Debtor Interview ("**IDI**") occurred on January 10, 2020 with Debtor's representative Peter Laurence, who is the managing member and trustee of the living trust that has 100% ownership of the Debtor, and Debtor's counsel. On January 14, 2020, the UST held Debtor's creditors meeting pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**") with the same parties present. At the 341 Meeting, the UST noted 13 outstanding items that needed to be provided or amended from the IDI and the 341 Meeting and requested the items be provided within two weeks or **no later than January 28, 2020**.

3. On February 6, 2020, the UST again contacted Debtor, via counsel, to inform Debtor about the remaining outstanding items. The UST required delinquent items to be brought current **no later than February 13, 2020**.

4. At this time, the monthly operating report for the partial December 2019 to January 2020 and quarterly fees for the Fourth Quarter of 2019 are now overdue. Monthly operating reports are for the benefit of all interested parties and must be properly filed with the Court. Moreover, the Fee Information Collection System ("**FICS**") is predicated upon actual disbursements stated in the monthly operating reports, without which the actual amount of quarterly fees remains unknown.

5. The following 9 items are overdue, which includes proof of proper insurance:

   i. Proof of insurance (and certificate listing the UST for notification purposes) that covers Debtor's assets at three relocated sites, including two different friends of the insider and the insider's personal residence;
   ii. Voided checks for the Debtor-in-Possession ("**DIP**") account
   iii. Proof of closing two pre-petition bank accounts
   iv. Financial statements for the year ending 2018 and year to date through November 2019
   v. Detailed list of assets listed in Schedule A/B, including #19 and #41.
   vi. Copy of the renewed ADOR transaction privilege tax license for 2020

- 2 -

  vii. Amend Petition with financial statements
  viii. Amend Schedule D and E/F to disclose date debts incurred (include month) and last 4 digits of account numbers
  ix. Amend Master Mailing List with 21 creditors who were listed in Schedules without addresses

**B. LEGAL ANALYSIS**

Pursuant to 11 U.S.C. § 1112(b) of the Bankruptcy Code, a Bankruptcy Court may dismiss or convert a Chapter 11 case for "cause."

The enumerated grounds for dismissal or conversion to chapter 7 are set forth in 11 U.S.C. § 1112(b) and include:

> . . .
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate . . . ;
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting
>
> requirement established by this title or by any rule applicable to a
>
> case under this chapter;
>
> . . .
>
> (H) failure timely to provide information or attend meetings reasonably requested
>
> by the United States trustee;
>
> . . .
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
>
> . . .

11 U.S.C. § 1112(b)(4).

The UST asserts that sufficient cause exists to grant this Motion under any of the foregoing elements of 11 U.S.C. § 1112(b). The UST has twice requested Debtor to provide IDI and 341 Meeting information; yet items remain outstanding without any justified excuse as to its failure. More importantly, Debtor has yet to provide proof of proper insurance covering its

- 3 -

assets at three new locations.  Debtor is also delinquent in monthly operating reports for partial December 2019 – January 2020 and for quarterly fees for the Fourth Quarter of 2019.  Debtor's administrative deficiencies of failing to timely provide information (including proof of proper insurance), file monthly operating reports, and pay quarterly fees constitute gross mismanagement and cause for, or weighs heavily in favor of, conversion or dismissal.  The UST respectfully requests this Bankruptcy Court to dismiss or to convert this case for "cause."

**C.  CONCLUSION**

Debtor, in this case as a debtor-in-possession, is in charge of a bankruptcy estate that is not under the direct supervision of a trustee.  A system of checks and balances has been set up to ensure that debtors fulfill their fiduciary responsibilities and are accountable.  As a result, Debtor must ensure that it complies with its administrative duties, which include timely providing requested information to the UST, filing its monthly operating reports, and paying quarterly fees – without such reminders from the UST.  Unless these issues are addressed, cause under 11 U.S.C. § 1112(b) clearly exists for dismissal or conversion of this case.

WHEREFORE, the UST respectfully requests that this Court grant this motion to convert this case to a chapter 7 proceeding or to dismiss this case.

RESPECTFULLY SUBMITTED this 21st day of February, 2020.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona


        /s/ PC (#027115)
        PATTY CHAN
        Trial Attorney

- 4 -

| | |
|---|---|
| 1 | Copies of the foregoing e-mailed and mailed on February 21, 2020, to: |
| 2 | |
| 3 | ALLAN 1 NEWDELMAN<br>ALLAN D NEWDELMAN PC<br>80 E. COLUMBUS AVE. |
| 4 | PHOENIX, AZ 85012<br>Email: anewdelman@adnlaw.net |
| 5 | Debtor's Counsel |
| 6 | Larry O. Folks<br>FOLKS HESS KASS, PLLC |
| 7 | 1850 N. Central Avenue, Suite 1140<br>Phoenix, AZ 85004 |
| 8 | E-mail: folks@folkshesskass.com<br>Attorneys for Comerica Bank |
| 9 | |
| 10 | _____ |
| 11 | |
| ... | |
| 28 | |

- 5 -